SPRINGDALE PLANT FARM, INC., APPELLEE, *v.*
LINDLEY, TAX COMMR., APPELLANT.

(No. 80-994—Decided April 22, 1981.)

Messrs. *Toluas & Kraus* and *Mr. Marvin H. Kraus,* for appellee.

Mr. *William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellant.

*Per Curiam.* The commissioner contends that a vendor who seeks a refund of taxes pursuant to R. C. 5739.07 must be able to establish the nature of the claimed error on overreporting taxes and must maintain records sufficient to allow the commissioner to determine the amount of the refund due.

It is apparent from an examination of the statutory transcript that the commissioner accepted the taxpayer's figures as to its total taxable sales for the period in question. The documentary evidence used to corroborate the fact that loans were made and the proceeds deposited in the taxpayer's account was not challenged as being either inaccurate or in error. In short, the commissioner accepted the taxpayer's evidence, but yet denied the claim for overpayment for the reason that the taxpayer's failure to maintain primary records of sales pursuant to R. C. 5739.11 made it impossible to determine the accuracy of the claim. The absence of such record, however, does not preclude a refund to a taxpayer who has erroneously overpaid sales tax. *Belgrade Gardens* v. *Kosydar* (1974), 38 Ohio St. 2d 135.

R. C. 5739.07 provides in pertinent part:

"The treasurer of state shall refund to vendors the amount of taxes paid illegally or erroneously***. On filing of such application the commissioner shall determine the amount of refund due and certify such amount to the auditor of state and treasurer of state***."

Thus, it is incumbent upon the commissioner to investigate the facts in connection with such a claim and if he finds there has been an overpayment, the taxpayer must be granted a certificate of abatement. *Belgrade Gardens* v. *Kosydar, supra.*

If the maintenance of primary records is not a precondition to receiving a refund for overpayment, the commissioner must satisfy the above requirement by considering any reliable and credible evidence of record. The documentary evidence contained in the statutory transcript stands unchallenged. Indeed, we must conclude that it was accepted by the commissioner as adequately supporting the facts asserted by the taxpayer in its claim for refund.

Accordingly, we find it has been established that the gross sales figures on the taxpayer's return erroneously included the loan proceeds in the amount of $14,495.49 and that the taxpayer is entitled to the refund claimed.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, VICTOR and C. BROWN, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for HOLMES, J.