SHAPELY, INC., APPELLEE, *v.* CITY OF NORWOOD EARNINGS TAX BOARD OF APPEALS, APPELLANT.

(No. C-840010—Decided November 28, 1984.)

*Paxton & Seasongood, Louis F. Solimine* and *Michael H. Neumark,* for appellee.

*Robert G. Kelly* and *Frances S. Lah,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The single question in this appeal is whether the city of Norwood is estopped from reversing its position on a specific ruling issued by the Norwood Tax Commissioner that allowed a certain operating loss carry-forward under the Norwood Business Earnings Tax Ordinance.

The facts in this case are not in dispute. Shapely, Inc., formerly the Mack Shirt Company and plaintiff-appellee in this action, operated a manufacturing facility in the community of Carthage, in the city of Cincinnati. During the fiscal year 1977-1978 Shapely suffered a net operating loss of over $2.3 million causing its directors to begin to search for another facility that would not have such high overhead and operating costs. Shapely located a potential site in Norwood, Ohio, but prior to finalizing the real estate transactions involved, Shapely's president, Arnold Forman, inquired of Norwood's city officials about the possibility of offsetting Shapely's future Norwood city income taxes with the operating loss it had incurred in Cincinnati.[1] Forman's initial discussions were with Norwood City Mayor Donald Prues and Councilman Carl Tepe, both of whom assured Forman that Shapely could carry forward its 1977-1978 operating loss on its Norwood Business Earnings Tax Return in accord with the Norwood Earnings Tax Ordinance. To confirm these assurances Raymond Achten, Norwood's tax commissioner, requested a written legal opinion from the city solicitor, William Tepe, Jr. Tepe responded that in his opinion, the loss incurred in Cincinnati could be carried forward and applied to offset Norwood's earnings tax pursuant to Norwood Ordinance No. 85-1970, Section 2 (Jan. 1,

---

[1] Shapely considered the ability to carry forward its net operating loss of $2,339,113 a valuable financial asset that it did not want to lose as a result of its move.

1970) (now reflected in Section 181.04[a] of the Norwood Codified Ordinances).[2] Achten then wrote to Shapely's accountant on July 31, 1978, informing Shapely of the city solicitor's interpretation of Section 2 of the city's earnings tax ordinance. After receiving this letter, Shapely finalized its relocation plans and moved its manufacturing facilities to Norwood, bringing with it over one hundred jobs.

In March 1981, Shapely filed a 1979 Norwood Earnings Tax Return seeking a refund of $9,746 based on the written opinion of the city solicitor. In June 1981, Shapely filed its 1980 Earnings Tax Return completely offsetting the $1.4 million of income it had earned that year with an equivalent amount of its 1977-1978 operating loss. Finally in July 1981, Shapely applied its claimed 1979 refund of $9,746 to one half of its 1981 estimated tax.

After Shapely had requested the specific ruling interpreting the earnings tax ordinance, there was a change of administration in the tax commissioner's office. On July 8, 1981, Vernon Sennett, Jr., Norwood's new tax commissioner, notified Shapely of a deficiency for the 1980 tax year assessed at $25,975.28. On July 20, 1981 Sennett disallowed Shapely's application of the $9,746 claimed refund toward Shapely's 1981 estimated tax. Shapely responded by filing a written protest with Sennett, asserting its reliance on Tepe's and Achten's interpretation of the Norwood Earnings Tax Ordinance. Sennett did not change his position and in September 1981 issued two final assessments.

Shapely then appealed to the defendant-appellant, Norwood Earnings Tax Board of Appeals. The board ruled against Shapely on the ground that the original letter ruling, allowing the offset of Norwood income with a loss incurred in Cincinnati, was an abatement and as such was beyond the tax commissioner's authority to grant. Shapely then appealed to the court of common pleas, pursuant to R.C. 2506.01. The court ruled in Shapely's favor, reversing the decision of the Norwood Earnings Tax Board of Appeals and vacating the tax commissioner's September assessments. The board asserts in its single assignment of error that the lower court committed reversible error in reversing the Norwood Earnings Tax Board of Appeals and vacating the assessments. The assignment of error is without merit. The tax commissioner is estopped from denying Shapely's offset.

The Supreme Court of Ohio has held that equitable estoppel precludes a party from asserting certain facts when that party, by his conduct, has induced another to change his position in good faith reliance on that conduct. *State, ex rel. Cities Service Oil Co.,* v. *Orteca* (1980), 63 Ohio St. 2d 295, 299 [17 O.O.3d 189]. It has also long been established that the doctrine of estoppel applies to municipal corporations. *Baxter* v. *Manchester* (1940), 64 Ohio App. 220, 227-228 [18 O.O. 77]; *Mount Vernon* v. *State, ex rel. Berry* (1905), 71 Ohio St. 428, 451. All the elements of an estoppel are present in the instant case. Raymond Achten, as Norwood's tax commissioner, caused verbal and written assurances to be made to Shapely.

[2] The pertinent part of the ordinance (Section 181.04[a] of the Norwood Codified Ordinances) provides:

"The portion of a net operating loss, based on income taxable under this chapter, sustained in any taxable year subsequent to January 1, 1966, allocable to the City, may be applied against the portion of the profit of succeeding year(s) allocable to the City, until exhausted but in no event for more than five taxable years. No portion of a net operating loss shall be carried back against net profits of any prior year."

Shapely was induced by those assurances to change its position; in good faith reliance it moved its manufacturing facility from Cincinnati to Norwood. Achten's successor, Vernon Sennett, is therefore estopped from denying the validity of Achten's interpretation of the Earnings Tax Ordinance or otherwise preventing the carry forward of Shapely's 1977-1978 net operating loss. See, e.g., Dept. of Revenue v. Family Hospital, Inc. (1982), 105 Wis. 2d 250, 313 N.W.2d 828, holding that the state's Department of Revenue was estopped from assessing a sales tax on a hospital's parking lot receipts where the hospital had relied upon the department's earlier interpretation of the tax statutes that the hospital parking lot receipts were exempt from state sales tax. It would simply be inequitable to allow the new tax commissioner to reverse his predecessor's construction of the city's tax law, on which Shapely had relied.

Appellant board correctly asserts that the law of estoppel in Ohio does not apply to cases "involving things *ultra vires.*" *Strahan* v. *Aurora* (1973), 38 Ohio Misc. 37, 42 [67 O.O.2d 215]. The concept of *ultra vires,* however, does not apply to the facts of the instant case. When Shapely's president, Arnold Forman, requested an interpretation of the net operating loss carry-forward provision of Norwood's Earnings Tax Ordinance, he was asking the tax commissioner to render a specific letter ruling regarding the applicability of that ordinance, pursuant to Norwood's Earnings Tax Regulations, Article VI-1, Section 8, Paragraph 3 (Sept. 22, 1980).[3] Raymond Achten's letter of July 31,

1978, referring to the city solicitor's interpretation of Section 2 of the ordinance, was just such a letter ruling, mandated by Norwood's tax regulations specifically to be within the scope of his authority. Achten did not grant Shapely an abatement, as contended by appellant board, for an abatement presupposes some error in an already existing assessment. See *Springdale Plant Farm, Inc.* v. *Lindley* (1981), 66 Ohio St. 2d 71, 73 [20 O.O.3d 62]. At the time Shapely requested the tax commissioner's interpretation of the ordinance, it had not yet earned any income in the city of Norwood either to assess or to abate.[4] The tax commissioner's interpretative letter on which Shapely justifiably relied was therefore not *ultra vires,* and the doctrine of equitable estoppel applies.

Appellant board contended at oral argument that even if Achten's letter is perceived as an interpretative "specific ruling," no reasonable person could accept it as a correct interpretation because the ordinance clearly and unequivocally disallowed an operating loss carry-forward incurred by a corporation while outside the Norwood jurisdiction. We disagree. The ordinance is not clear and unequivocal on this point; Achten's interpretation was reasonable; and Shapely was entitled to rely on that interpretation.

Appellant board's assignment of error is overruled. We affirm the decision of the court below.

*Judgment affirmed.*

KEEFE, P.J., BLACK and DOAN, JJ., concur.

---

[3] The Regulation provides in pertinent part:

"3. Any taxpayer or employer desiring a specific ruling should submit all of the facts involved, in writing, together with a concise statement of the subject matter of the ruling sought, to the Commissioner."

[4] It would have been beyond the tax commissioner's authority to grant Shapely an abatement without express statutory authority. The Norwood Earnings Tax Ordinance and Regulations do not provide the commissioner with that authority.