MIDWEST PRIDE IV, INC. et al., Appellants,

v.

WRAY et al., Appellees.

[Cite as *Midwest Pride IV, Inc. v. Wray* (1994), 92 Ohio App.3d 613.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–721.

Decided Jan. 13, 1994.

*Berry & Shoemaker, John F. Berry* and *D. Lewis Clark, Jr.,* for appellants.

*Lee Fisher,* Attorney General, and *Gerald A. Rocco,* Assistant Attorney General, for appellees.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of appellants, Midwest Pride IV, Inc. et al., from the April 23, 1993 decision and May 13, 1993 judgment entry finding that appellants' billboard violated R.C. 5516.02(C) and that its removal did not violate appellants' statutory or constitutional rights. Appellants have filed this appeal and assert the following assignments of error:

"1. The trial court erroneously determined that the plaintiffs'-appellants' billboard did not comply with R.C. § 5516.02(C) and consequently erroneously denied the plaintiffs'-appellants' requested declaratory, injunctive, and monetary relief.'

"2. The trial court erroneously determined that the defendants'-appellees' causing the plaintiffs-appellants to remove the advertising devices did not constitute a violation of the plaintiffs'-appellants' rights protected by the Fifth Amendment of the United States Constitution.

"3. The trial court erroneously determined that the defendants'-appellees' causing the plaintiffs-appellants to remove the advertising devices did not constitute a violation of the plaintiffs'-appellants' constitutional rights to procedural due process, free speech, and equal protection."

The facts of this case are as follows: Appellants maintained a billboard near Interstate 71 and State Route 35 in Fayette County, Ohio. This billboard was located within six hundred and sixty feet of the right of way of Interstate 71. The billboard was at the end of a narrow stretch of property and was approximately one thousand seven hundred and fifty feet from the businesses that were advertised on the billboard. The parties have stipulated to many of the relevant facts, including the ownership of these three parcels and the ownership of the five-foot strip where the sign is located. The same parties own the three parcels and also own an undivided one-tenth interest in the five-foot strip where the billboard was located.

The poles on which the billboard was located were originally installed in 1967. The billboard that was removed in the instant action was installed in February 1991. However, the testimony reflects that for some time in the 1980s there was no billboard attached to the poles. On February 26, 1991, a surveyor for the Ohio Department of Transportation ("ODOT"), Roger Baker, was travelling on Interstate 71 when he noticed the billboard. He pulled off the road and took some measurements and, when he returned to Columbus, he wrote a field note about the sign. Thereafter, in the summer of 1991, officials from ODOT contacted appellants and informed them that ODOT believed that the billboard was illegally located. In November 1991, appellants received a letter from Jerry Wray, of ODOT, notifying them that the billboard violated R.C. 5516.02. This letter further gave appellants thirty days to remove the billboard. In January 1992, Wray again wrote appellants a letter indicating that ODOT believed that the billboard violated R.C. 5516.02 and asked appellants to remove the sign within fifteen days, or ODOT would destroy it. Appellants moved for a preliminary injunction, which was denied by the trial court. Thereafter, appellants dismantled the sign.

Appellants then filed an amended complaint on March 9, 1992. In the amended complaint, appellants asked for money damages pursuant to Section 1983, Title 42, U.S.Code based upon the destruction of their property. On May 4, 1992, the trial court dismissed appellants' amended complaint on the grounds that the Court of Claims had exclusive subject-matter jurisdiction. However, this court reversed the trial court's decision in *Midwest Pride IV, Inc. v. Wray* (Nov. 3, 1992), Franklin App. No. 92AP–627, unreported, 1992 WL 323917. Upon remand, the parties stipulated to many of the essential facts and the trial was bifurcated as to liability and damages. On April 15 and April 23, 1993, the case was tried on the issue of liability only. On April 23, 1993, the trial court ruled that appellants' billboard violated R.C. 5516.02(C) and denied appellants' request for declaratory and injunctive relief. Appellants then filed this appeal.

■ Appellants' first assignment of error argues that the trial court erred in finding that the billboard in question was illegally located. R.C. 5516.02 provides:

"No advertising device shall be erected or maintained within six hundred sixty feet of the edge of the right of way of a highway on the interstate system except the following:

" * * *

"(C) Advertising devices indicating the name of the business or profession conducted *on such property or* which identify the goods produced, sold, or services rendered on such property[.]" (Emphasis added.)

In the instant action, the trial court focused on the meaning of the words "on such property." The trial court reasoned that, because no goods were produced or sold and because no services were rendered on this particular five-foot strip of property that, accordingly, this advertising device did not indicate the name of the business or profession conducted "on such property." Therefore, the trial court held that the billboard was not in compliance with the statute and was therefore an illegally located advertising device. A careful reading of the statute demonstrates that an advertising device must do one of two things in order to fall within the exception found in R.C. 5516.02(C). It must: (1) indicate the name of the business or profession conducted on such property; or (2) identify the goods produced, sold, or services rendered on such property.

It is undisputed that the billboard contained the names of the three businesses that are conducted on the three parcels of property which are connected to this narrow strip of land upon which the advertising device was located. It is appellees' contention that because this billboard was located over seventeen hundred feet from the actual business premises that the billboard was not located "on such property" for purposes of the statute. However, the statute does not state how close, or how far, a billboard should be from a business or profession in order to be considered "on such property." In the instant action, ODOT used guidelines to determine whether or not the billboard was legally placed. However, this court notes that these guidelines have not been promulgated as regulations and are not contained in the Ohio Administrative Code.

In order to determine whether or not this billboard was a lawful advertising device, this court must look to the plain meaning of R.C. 5516.02. In the instant action, R.C. 5516.02(C) simply states that if an advertising device identifies the name of a business or profession conducted on such property, then it is not prohibited. The statute does not contain a restriction relating to the distance between the advertising device and the business premises. Furthermore, there is no restriction relating to narrow strips of property. The statute does not contain an exception which would prohibit this kind of advertising device. Until the legislature sees fit to prohibit advertising devices on long, narrow strips of property, this court may not read such an exception into the statute.

In addition, this court may not consider the intent of the legislature, unless the statute is ambiguous. R.C. 1.49. Even if this court were to find that the statute in question is ambiguous, a review of the legislative history clearly shows that the Ohio legislature has not created an exception to this statute to exclude signs on long, narrow strips of property from being treated as "on-premises" signs. On September 16, 1975, the federal government promulgated regulations which concerned outdoor advertising devices. These regulations urged states to enact statutes to promulgate regulations that were sufficiently specific to prevent the

use of long, narrow strips of property to qualify signs as on-premises signs. However, Ohio's regulations have not changed since 1972. Again, until ODOT through promulgation and regulations, or the General Assembly, chooses to amend the statute, this court will not read an exception into R.C. 5516.02.

In addition, the record also contains a letter from a representative of the federal government, indicating the belief that the billboard was illegally located because it was more than fifty feet away from the actual business premises. Perhaps this is the federal standard or guideline, but it is clear that Ohio's Administrative Code is not in accord. This court notes that Ohio Adm.Code 5502:2–2–02(A) contains provisions for advertising devices which are *more than* fifty feet from the advertised activity. Thus, the Administrative Code clearly provides for restrictions and limitations upon advertising devices that are more than fifty feet from an advertised activity and the fact that a sign is more than fifty feet from a business does not make it *per se* illegal. Because neither the Revised Code nor the Ohio Administrative Code prohibits a billboard such as the one in the instant action, this court finds that the billboard was a legally located on-premises advertising device within the meaning of R.C. 5516.02(C). Accordingly, appellants' first assignment of error is sustained.

 Appellants' second and third assignments of error contain constitutional issues of procedural due process, free speech, and equal protection. It is well established that where a case can be resolved upon other grounds, the constitutional questions need not be determined. *Rispo Realty & Dev. Co. v. Parma* (1990), 55 Ohio St.3d 101, 105, 564 N.E.2d 425, 428–429. See, also, *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163, 543 N.E.2d 776.[1] Furthermore, App.R. 12 requires the court of appeals to decide each assignment of error and give reasons in writing, unless an assignment of error is rendered moot by ruling on another assignment of error.

Based on the foregoing, appellants' first assignment of error is sustained, the second and third assignments of error are moot, and for that reason they are

---

1. Although this court has declined to address the constitutional issues raised by appellants, we note that ordinarily an adjudication by an administrative agency requires a hearing. *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260; R.C. 119.06. Thus, on remand, it may be proper for the trial court to consider whether or not appellants were afforded due process. Appellants also argue that they are entitled to damages as a result of the alleged "taking" of their property without due process. It is premature for this court to consider damages when there has been no trial on the issue of damages in the trial court. The trial was bifurcated as to liability and damages and was conducted on the issue of liability only. Thus, assuming that the trial court properly has jurisdiction to award monetary damages in such a case, it is within the province of the trial court to make the determination as to whether or not damages should be awarded.

overruled, and this cause is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BRYANT, P.J., and TYACK, J., concur.

PEGGY BRYANT, Presiding Judge, concurring.

While I believe appellants' sign violates the intended purpose of R.C. 5516.02, I am compelled to concur in reversing the decision of the trial court due to the actual language of that statute. Specifically, although the federal government promulgated regulations in 1975 urging states to enact statutes or rules specifically prohibiting the very measures appellants have employed in circumventing R.C. 5516.02, Ohio has not amended its statute to address the issue. In light of the less than specific language of R.C. 5516.02, I concur.