PILOT OIL CORPORATION, Appellant,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Pilot Oil Corp. v. Ohio Dept. of Transp.* (1995), 102 Ohio App.3d 278.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE08–1236.

Decided March 30, 1995.

*Frost & Jacobs, Mark E. Pusey* and *Michael K. Yarbrough,* for appellant.

*Betty D. Montgomery,* Attorney General, *Gerald A. Rocco* and *Tonya A. Williams,* Assistant Attorneys General, for appellee.

CLOSE, Judge.

Plaintiff-appellant, Pilot Oil Corporation, appeals from a judgment of the Franklin County Court of Common Pleas, denying its request to enjoin defendant-appellee, Ohio Department of Transportation ("ODOT"), from ordering the removal of its sign along an interstate highway.

The relevant facts are as follows. In 1988, appellant contacted the supervisor of the advertising device control section of ODOT concerning the erection of a sign near its travel center, which is located at the intersection of Interstate 70 and State Route 37. Based upon the representations in the site plan, the supervisor approved the proposed sign as a legal on-premise advertising device under R.C. 5516.02 and issued a letter on behalf of ODOT approving the proposed sign.

Subsequently, the site plans for the travel center changed in such a manner that they may have affected ODOT's approval of appellant's proposed sign. A meeting was arranged where the supervisor visited appellant's travel center to observe the changed layout. Based on what he personally observed at the site of the proposed sign, the supervisor again specifically approved the sign as a legal on-premise sign.

Thereafter, in March 1989, appellant expended in excess of $75,000 for erection of the sign in question. The supervisor again visited the location, had the opportunity to observe the entire layout of appellant's travel center and its relationship to the sign, and again determined it to be a legal on-premise sign. There is no dispute that the supervisor knew appellant's sign was located on an easement.

After the passage of a number of years, ODOT retracted its previous approval and insisted that the same sign was not a legal on-premise device. ODOT now felt the sign was illegally placed because it was located on an easement and located approximately twelve hundred feet from the advertised business. Despite admitting that the original supervisor had the authority to make the determination, ODOT insisted that it was improper and issued a removal letter. The notice requested that the sign be removed and informed appellant that, if the sign was not voluntarily removed, ODOT would have it removed.

Appellant filed a complaint for injunctive and declaratory relief. The matter was referred to a referee of the Franklin County Court of Common Pleas. After an evidentiary hearing, the referee recommended permanently enjoining ODOT from removing the sign. ODOT objected, and a judge of the common pleas court reversed that recommendation and issued a decision which modified the findings of fact and rejected the conclusions of law. Central to the trial court's decision

was the fact that the sign was located on an easement and located approximately twelve hundred feet from the advertised business.

From the entry journalizing that decision, appellant now appeals raising two assignments of error:

"A. The Trial Court erred in denying Plaintiff's Motion for a Preliminary and Permanent Injunction against the Ohio Department of Transportation. The Trial Court misconstrued the applicable law and issued an opinion which is directly contrary to binding authority of this Court.

"B. The Trial Court erred in failing to enforce the legal principle of equitable estoppel against the Ohio Department of Transportation under the facts of this case."

■ This is a situation where ODOT previously approved an advertising device, and then, a few years later, sought to reverse its approval based upon facts similar to those in *Midwest Pride IV, Inc. v. Wray* (1994), 92 Ohio App.3d 613, 636 N.E.2d 424. Appellant, in its first assignment of error, takes issue with the propriety of the trial court's legal conclusion in light of this court's decision in *Midwest Pride*. The trial court determined that the sign was not a legal on-premise sign because the advertised business activity was not conducted on the easement where the sign is located. Consequently, the trial court found appellant's sign violated R.C. 5516.02(C).

R.C. 5516.02 provides, in pertinent part:

"No advertising device shall be erected or maintained within six hundred sixty feet of the edge of the right of way of a highway on the interstate system except the following:

" * * *

"(C) Advertising devices indicating the name of the business or profession conducted *on such property* or which identify the goods produced, sold, or services rendered *on such property*[.]" (Emphasis added.)

Clearly, under the Revised Code, a sign may be erected and maintained within six hundred sixty feet of the right-of-way of the highway if the advertising device indicates the name of the business conducted "on such property." The gravamen of this case is whether the sign is located on the same property as appellant's travel center. While ODOT claims a violation of R.C. 5516.02 because the location is more than fifty feet from the advertised activity, this argument was struck down in *Midwest Pride*. As in *Midwest Pride,* the advertising device here is located on a long, narrow strip of property, well removed from the business advertised.

That the sign is more than fifty feet from the advertised business, however, does not make it *per se* illegal. *Id.,* 92 Ohio App.3d at 617, 636 N.E.2d at 427. R.C. 5516.02(C) merely requires that an advertising device identify the name of a business or profession conducted on such property. *Id.* at 616, 636 N.E.2d at 426–427. This court specifically held that R.C. 5516.02(C) "does not contain a restriction relating to the distance between the advertising device and the business premises." *Id.* at 616, 636 N.E.2d at 427. ODOT's argument must, therefore, fail unless the use of an easement rather than property owned in fee simple would change our decision in *Midwest Pride.* We hold that it does not.

■ An easement provides the holder with a beneficial ownership interest in the real property affected. *Ross v. Franko* (1942), 139 Ohio St. 395, 22 O.O. 463, 40 N.E.2d 664. This interest is protected both at law and in equity. We conclude that, because it is a legitimate property interest, the easement satisfies the requirements of R.C. 5516.02 and may legally be used for on-premises advertising purposes.

■ Our holding in *Midwest Pride* remains unchanged. Where an easement extends in a contiguous manner from other property owned and/or controlled by a similarly situated appellant, with no intervening ownership interests, use of the easement for signage purposes complies with R.C. 5516.02(C). We hold that, under these circumstances, appellant's sign is located "on such property" as the advertised business activity.

■ While it is clear that federal and Ohio laws give ODOT the ability to enact regulations to prevent the erection of advertising devices on easements, ODOT simply has not promulgated such rules. Any attempt, therefore, to rely on ODOT's "On–Premise Guidelines," which have not been properly promulgated under R.C. 5516.03 or Section 750.709, Title 23, C.F.R., is not proper and has no bearing on the outcome of this action. As in *Midwest Pride,* ODOT relied on its guidelines to determine whether or not the advertising device was legally placed. We specifically hold that this court will not read an exception, such as distance restrictions or easement interests, into R.C. 5516.02 until ODOT enacts such regulations or the General Assembly amends the statute to impose such restrictions.

Appellant's first assignment of error is sustained.

■ Appellant's second assignment of error alleges that ODOT should be estopped from denying its prior approval of the sign. At issue is whether promissory estoppel is available against the government under these facts. In *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 307, 31 OBR 584, 585, 511 N.E.2d 112, 114, the Ohio Supreme Court recited the general rule that the principles of promissory estoppel "may not be applied against the

state or its agencies when the act or omission relied on involves the exercise of a governmental function." If the prohibition is only a general rule, however, then, as Judge Brogan so ably expressed in *State v. First, Inc.* (Apr. 3, 1990), Montgomery App. No. 11486, unreported, 1990 WL 40668, "by necessary implication there must be exceptions where the doctrine is applicable."

■ While it is clear that an exception will not apply when a position taken by an administrative agency is contrary to express statutory law (see *Griffith v. J.C. Penney Co.* [1986], 24 Ohio St.3d 112, 24 OBR 304, 493 N.E.2d 959), exceptions to the general rule have been made and promissory estoppel has been imposed.

■ The promissory estoppel doctrine may be applied against the government in the following circumstances. Estoppel may be imposed in contract situations where the subject matter of a contract is not illegal or ultra vires. See *Baxter v. Manchester* (1940), 64 Ohio App. 220, 18 O.O. 77, 28 N.E.2d 672. Further, estoppel may apply where a municipality made a representation, which was within its power to make and which induced reliance. *Cleveland v. Cleveland Elec. Illum. Co.* (N.D.Ohio 1976), 440 F.Supp. 193. In a case more closely on point, a new city tax commissioner may be estopped from denying the validity of his predecessor's interpretation of a municipal tax ordinance where his predecessor made verbal and written assurances to a company which induced that company to move its factory to the city. *Shapely, Inc. v. Norwood Earnings Tax Bd. of Appeals* (1984), 20 Ohio App.3d 164, 20 OBR 198, 485 N.E.2d 273.

■ In light of the foregoing exceptions, we conclude that promissory estoppel applies against the state under the circumstances of this case. Specifically, we hold that, where (1) the state uses its discretion in the interpretation of a law or rule, (2) the state's interpretation is not violative of legislation passed by the General Assembly of Ohio, and (3) the elements of promissory estoppel are otherwise met, promissory estoppel may be employed to bar the state from asserting a contrary interpretation where the state had full opportunity to make an informed decision and, in fact, did make an informed decision.

ODOT is estopped from denying the validity of its prior approval. ODOT exercised its discretion in interpreting R.C. 5516.02(C) when it determined that appellant's proposed sign complied with that statutory provision. ODOT had full opportunity to be informed prior to making its decision. ODOT's approval induced appellant to go ahead with the construction and erection of its sign. The supervisor of the advertising device control section of ODOT had the authority to approve the proposed sign, and it was, therefore, reasonable to expect reliance on his approval. Accordingly, appellant's second assignment of error is sustained.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed and this cause is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.