DRAKE, Appellant,

v.

MEDICAL COLLEGE OF OHIO, Appellee.

[Cite as *Drake v. Med. College of Ohio* (1997), 120 Ohio App.3d 493.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API10–1422.

Decided June 5, 1997.

*Marshall & Melhorn* and *Daniel F. Marinik*, for appellant.

*Betty D. Montgomery*, Attorney General, *Mary Lynn Readey* and *Rosa P. Wright*, Assistant Attorneys General, for appellee.

---

BOWMAN, Judge.

In early March 1994, the United States Industry Coalition ("USIC") contacted appellee, Medical College of Ohio ("MCO"), regarding the establishment of a center of Russian Biotechnology at MCO. USIC proposed matching technology and resources from the United States with those of the former Soviet Union. USIC stressed to MCO the importance of acting quickly because several other colleges were already committed. On March 7, 1994, USIC informed MCO that appellant, Barbara R. Drake, had been appointed project manager to coordinate activities, and it was suggested that she be hired as director or manager of any ensuing project between MCO and USIC.

Dr. David H. Eubanks, Senior Vice President of MCO, met several times with appellant. Eubanks discussed the creation of a new position entitled "Director of the Center for Global Technology" to oversee the project with USIC. Eubanks explained to appellant that the MCO Board of Trustees would be required to approve the decision to hire her, but this approval should not be a problem, since the board usually "rubber stamps" the president's decision. Eubanks requested a resume from appellant and appellant requested a written description of her duties and responsibilities. Eubanks wrote her a letter, which appellant alleged was a contract. Appellant supplied a resume, but cautioned that it was incomplete. Appellant began to work for appellee in April 1994.

The MCO Board of Trustees had concerns with appellant's resume. After investigating her resume, they discovered several significant omissions and misrepresentations. During this time, MCO began to doubt the integrity of USIC when it failed to pay its agreed portion of appellant's salary and failed to produce two cosmonauts for a scheduled orientation presentation. On May 20, 1994, MCO terminated its relationship with USIC. Eubanks also notified appellant that her services were no longer needed. Appellant's employment with MCO concluded on July 15, 1994. The MCO Board of Trustees never approved the hiring of appellant.

Appellant filed a claim against MCO, alleging breach of contract or, in the alternative, alleging that she is entitled to relief under the doctrine of promissory estoppel. The Ohio Court of Claims determined that appellant's breach of contract claim was not viable because she did not have a written contract with MCO approved by the MCO Board of Trustees. Appellant has not appealed this issue. The Court of Claims also determined that appellant's promissory estoppel claim was barred by the "clean hands" doctrine. Appellant appeals and raises the following assignment of error:

"The Court of Claims erred in deciding plaintiff's promissory estoppel claim was barred due to plaintiff's 'unclean hands.'"

■ Appellant argues that the Court of Claims erred in finding that the "clean hands" doctrine barred her promissory estoppel claim.

The doctrine of "clean hands" was set forth by the Supreme Court of Ohio in *Kinner v. Lake Shore & Michigan S. Ry. Co.* (1903), 69 Ohio St. 339, 69 N.E. 614. In the first paragraph of the syllabus, the court stated: "The maxim, 'He who comes into equity must come with clean hands,' requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject-matter of his suit." Regardless of whether appellant had clean or unclean hands, her promissory estoppel claim must fail, since promissory estoppel will not apply when a position taken by an agency is contrary to express statutory law. See *Pilot Oil Corp. v. Ohio Dept. of Transp.* (1995), 102 Ohio App.3d 278, 283, 656 N.E.2d 1379, 1382–1383, citing *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St.3d 112, 24 OBR 304, 493 N.E.2d 959. Appellant could not rely upon the representations of either the President or Senior Vice President of MCO because they did not have the authority to hire an employee. R.C. 3350.03 provides:

"The board of trustees of the medical college of Ohio at Toledo shall employ, fix the compensation of, and remove the president and such numbers of professors, teachers, and other employees as may be deemed necessary. The board shall do all things necessary for the creation, proper maintenance, and successful and continuous operation of the college. * * * "

Thus, the sole authority to approve employment contracts for MCO was given to the board of trustees by the General Assembly. Any representations made by the president or senior vice president would be contrary to express statutory law and, thus, promissory estoppel does not apply. Further, public officers cannot bind the state by acts outside their express authority. *Kirk Williams Co. v. Ohio State Univ. Bd. of Trustees* (June 13, 1989), Franklin App. No. 88AP–697, unreported, 1989 WL 65425, citing *Cincinnati v. Cameron* (1878), 33 Ohio St. 336. Mistaken advice or opinions of a governmental agent do not give rise to a claim based on promissory estoppel. *Halluer v. Emigh* (1992), 81 Ohio App.3d 312, 610 N.E.2d 1092. Thus, appellant's assignment of error is not well taken.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

DESHLER and CLOSE, JJ., concur.