[Cite as *Davis v. Ohio Peace Officers Training Academy* , 2011-Ohio-3757.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN R. DAVIS

Plaintiff

v.

OHIO PEACE OFFICERS TRAINING ACADEMY

Defendant

Case No. 2010-09604-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiff filed this action against defendant, Ohio Peace Officers Training Academy (OPOTA), alleging his teaching contract was cancelled without proper notice and he has been retaliated against by OPOTA members for exposing ethical violations at the OPOTA-London campus.  Plaintiff seeks $2,500.00 in unpaid instructional fees for a course he taught and other courses he was scheduled to teach in 2009.

{¶ 2}   In his complaint, plaintiff states he has been an adjunct instructor at the OPOTA-Richfield campus for four years and was scheduled to teach a rifle carbine program from August 24-28, 2009.  According to plaintiff, he normally signs the contract on the first day of the course and, in the past, he has been allowed to amend the contract by crossing through the sections that require him both to obtain liability insurance and to hold the state harmless from any injury or damage claim pertaining to the course.  Plaintiff asserts he was notified the contract would not be ready until Tuesday and he went ahead and taught the class on the first day without a contract. Plaintiff maintains that on Tuesday, when presented with the contract by OPOTA-

Richfield Director Fred Wolk he was not allowed to cross through the liability sections of the contract as per his prior practice and he refused to sign the contract. According to plaintiff, he received a telephone call on Wednesday morning from Wolk informing him he would be allowed to amend the contract and he should return to teach the course. Plaintiff recalled he arrived at the training site and worked through the afternoon session; however, upon returning from his dinner break he was notified that "not only was my contract being cancelled for the rest of the week, my classes for the rest of the year were being cancelled as well by the OPOTA-London."

{¶ 3} Plaintiff maintains his services were terminated as the result of retaliation, threats, and intimidation tactics employed by the OPOTA-London staff who resent plaintiff for being outspoken about corruption and improper conduct taking place at or being condoned by the London campus.

{¶ 4} Defendant denies liability under either a breach of contract or promissory estoppel theory. According to defendant, OPOTA instituted a policy change in the summer of 2009 and required every instructor to comply with the provisions relating to the risk of liability, including those provisions regarding indemnification and liability insurance. Defendant contends the parties were unable to reach an agreement, and plaintiff refused to sign the contract. Thus, because the contract was never executed, defendant asserts OPOTA is not authorized to pay plaintiff for the days of instruction he provided. In addition, defendant maintains that without a valid contract, OPOTA is not liable to plaintiff for the days he did not instruct classes. To the extent plaintiff relies on advice or promises allegedly offered by Wolk, defendant cites *Drake v. Medical College of Ohio* (1997), 120 Ohio App.3d 493, 698 N.E. 2d 463, wherein the Tenth District Court of Appeals ruled mistaken or improper advice offered by a public employee or governmental agent does not support a claim for promissory estoppel against the state. Finally, defendant argues that should the court find liability against defendant, plaintiff's damages are limited to $900.00 for the three days of instruction.

{¶ 5} On October 27, 2010, plaintiff filed a response claiming he was first presented with the contract after the conclusion of class on the second day, and it is unfair and unprofessional for defendant to change policies and practice after plaintiff has already commenced instruction. In addition, plaintiff relates he returned to instruct the course on Wednesday due to his reliance upon the verbal assurances offered to him

by Wolk.

{¶ 6} According to plaintiff, defendant purportedly mailed him a new contract on September 6, 2009, which he completed and returned along with an invoice seeking payment, yet defendant has refused to compensate him. Plaintiff next argues defendant violated the terms of the contract by failing to provide him with written notice of termination. Finally, plaintiff reiterates his theories as to the underlying reason his services were terminated and he requests the clerk conduct an administrative hearing pursuant to C.C.R. 6, in order to compel testimony from Wolk and others "as to the facts of this case and the veracity of [plaintiff's] statements."[1] In essence, plaintiff requests the clerk render judgment in his favor to "send a clear message that such conduct by employees of the Ohio Peace Officers Training Academy will not be tolerated."

{¶ 7} "Generally, questions of contract formation and intent are factual issues to be resolved by a fact finder after a review of the evidence. Mead Corp. v. McNally-Pittsburg Mfg. Corp. (C.A. 6 1981), 654 F.2d 1197." Smith v. Minnis (July 31, 1985), Butler App. No. CA84-07-080.

{¶ 8} "'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' Perlmuter Printing Co. v. Strome, Inc. (N.D.Ohio 1976), 436 F. Supp. 409, 414. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations (1991), 61 Ohio St. 3d 366, 369, 575 N.E.2d 134." Kostelnik v. Helper, 96 Ohio St. 3d 1, 2002-Ohio-2985 ¶16.

{¶ 9} "Ohio law acknowledges three types of contracts: express, implied in fact, and implied in law. See Legros v. Tarr (1989), 44 Ohio St.3d 1, 6. Unlike express contracts, implied contracts are not created or evidenced by explicit agreement of the parties; rather, they are implied by law as a matter of reason and justice. B & J Jacobs

---

[1]C.C.R. 6(C) states in part "the clerk or deputy clerk * * * may, among other things, conduct hearings, require the production of evidence, rule upon motions, determine admissibility and probative value of, evidence, require submission of briefs or memoranda, summon and compel attendance of witnesses, including parties, and call and examine them under oath."

*Co. v. Ohio Air, Inc.*, Hamilton App. No. C-020264, 2003 Ohio 4835, at ¶9. An implied-in-fact contract arises from the conduct of the parties or circumstances surrounding the transaction that make it clear that the parties have entered into a contractual relationship despite the absence of any formal agreement. Id." *Fouty v. Ohio Dep't of Youth Servs.*, 167 Ohio App. 3d 508, 526, 2006-Ohio-2957, ¶56.

{¶ 10} In the instant case, plaintiff has failed to submit sufficient evidence to support a finding that a contract was formed, either express or implied. Plaintiff failed to show he signed the contract as prepared by defendant nor did he submit a document bearing defendant's signature approving said contract. Indeed, the evidence establishes the parties never attained mutual assent to the terms and conditions governing plaintiff's employment as instructor of the August 24-28, 2009 course. Inasmuch as the parties never entered into a binding contract, the court finds defendant did not commit a breach of contract by failing either to pay plaintiff or to provide him with written notice of the termination of his services. Further, plaintiff failed to show a tacit meeting of the minds that would give rise to an implied contract[2] for his continued future employment with defendant.

{¶ 11} Plaintiff also maintains that he relied on assertions made by Wolk such that he returned to instruct the class on Wednesday afternoon. The court finds that plaintiff's allegations as to the conversation with Wolk are not supported by the evidence and are not credible. Even assuming Wolk told plaintiff he would be allowed to alter the contract, the court notes as a general rule, promissory estoppel cannot be utilized as a basis for recovery against the state. *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St. 3d 306, 31 OBR 584, 511 N.E.2d 112.

{¶ 12} Exceptions to this general principle do apply. Any exception, however, applies on a limited basis under rare circumstances. The Tenth District Court of Appeals in *Pilot Oil Corp. v. Ohio Dept. of Transp.* (1995), 102 Ohio App. 3d 278, 283, 656 N.E. 2d 1379, cited such circumstances exist for applying promissory estoppel against the state where: "(1) the state uses its discretion in the interpretation of a law or rule, (2) the state's interpretation is not violative of legislation passed by the General

---

[2]See, *Lucas v. Costantini* (1983), 13 Ohio App.3d 367, 369, 13 OBR 449, 469 N.E. 2d 927, holding that formation of an implied contract is determined by showing the circumstances surrounding the parties' transactions make it reasonably certain an agreement was intended.

Assembly of Ohio, and (3) the elements of promissory estoppel are otherwise met."

{¶ 13} Moreover, the doctrine of promissory estoppel requires that the promise made must induce an action on the part of the promisee and then the promise is binding "if injustice can be avoided only by enforcement of the promise." Restatement of the Law, Contracts 2d (1981), Section 90, as referenced in *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St. 3d 433, 439, 1996-Ohio-194, 662 N.E. 2d 1074. A party claiming promissory estoppel must show it reasonably relied, to its detriment, on the promise of the opposing party. *Shampton v. City of Springboro*, 98 Ohio St. 3d 457, 461, 2003-Ohio-1913. Plaintiff admits that he taught on Wednesday without first meeting with Wolk or resigning the document. Thus, plaintiff continued to teach the course without having first resolved the contract issue that still existed. Based upon plaintiff's experience and past practices, the facts of the present claim do not establish plaintiff's reasonable reliance on the alleged comments made by Wolk. As such, plaintiff's request for a hearing pursuant to C.C.R.6 to compel the testimony of Wolk is denied.

{¶ 14} The court further finds plaintiff's argument that defendant is somehow prohibited from changing its policy and practice with respect to contract enforcement is without merit. Pursuant to the doctrine of discretionary immunity, "the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St. 3d 68, 70, 14 OBR 506, 471 N.E. 2d 776.

{¶ 15} To the extent plaintiff asserts a claim of unjust enrichment, the court finds plaintiff's claim to be without merit. The court notes plaintiff willingly taught the classes despite the fact that in past practice he had always negotiated such contracts either prior to commencement of the class or on the first day of the course. See *Awada v. Univ. of Cincinnati* (1997), 83 Ohio Misc. 2d 10, 680 N.E. 2d 258. Moreover, R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court. Equity jurisdiction in matters involving the state are reserved for judicial review. For the foregoing reasons, the court finds plaintiff has failed to satisfy his burden of proof in this case and accordingly, judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

KEVIN R. DAVIS

    Plaintiff

    v.

OHIO PEACE OFFICERS TRAINING ACADEMY

    Defendant

    Case No. 2010-09604-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kevin R. Davis
6032 Kellar Road
Akron, Ohio 44319

Robert Fiatal, Executive Director
Ohio Peace Officers Training Academy
1650 State Route 56 S.W.
London, Ohio 43140

SJM/laa
3/8
Filed 4/13/11
Sent to S.C. reporter 7/29/11