Ohio Valley Air Ways, Inc., d. b. a. Helicopter Airlift, Lunken Airport, Appellant, *v.* Bowers, Tax Commr., Appellee.

(No. 8895—Decided October 2, 1961.)

*Messrs. Dinsmore, Shohl, Barrett, Coates & Deupree,* for appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. John J. Dillenschneider,* for appellee.

Long, P. J.  This is an appeal from a decision of the Board of Tax Appeals affirming an order of the Tax Commissioner.

Appellant corporation operated what is known as a Helicopter Airlift Service.  Based upon an audit made by the Department of Taxation, appellant was assessed certain assessments for "sales taxes" covering certain periods of time, including certain "use tax" assessments.  The assessments were sustained by the Tax Commissioner and, on appeal, he was sustained by the Board of Tax Appeals.

The appellant objects to the assessments on the ground that it is a "public utility" and, therefore, under the statute, is ex-

empted from the tax. The question of whether appellant is a public utility is one of fact and must be proved. It is well settled, we think, that where an exemption is offered a taxpayer, the burden is upon him to show that he comes within the purview of the exemption. It is not a question, as appellant claims, of whether the public generally uses the public utility but, rather, whether the public has a *right* to use the services and whether those services can be denied to the public by the utility. *Freight, Inc.,* v. *Bd. of Township Trustees,* 107 Ohio App., 288.

We have examined the record in this case and feel that the appellant has failed to sustain the burden of proof that the public has a legal right to demand and receive its services. True, appellant has some permissive right to operate its helicopters in interstate commerce, but this in no way makes it *compulsory* for it to serve the public. In the first paragraph of the syllabus of *Merchants Cold Storage Co.* v. *Glander, Tax Commr.,* 150 Ohio St., 524, we find this language:

"In an appeal to the Board of Tax Appeals from an order of the Tax Commissioner levying assessments for sales and use taxes, the burden rests on the appealing taxpayer to show such purchases are excepted from taxation."

In 45 Ohio Jurisprudence (2d), 166, Public Utilities, Section 2, we find this statement:

"Thus, the term 'public utility' implies a public use and service to the public, and the *principal determinative characteristic* of a public utility is that of service to, or readiness to serve, an indefinite public, *which has a legal right to demand* and receive its services * * *."

The evidence before this court does not show a legal right in the public to demand the services of the appellant.

*Decision affirmed.*

HILDEBRANT, J., concurs.