ADAM et al., Appellees,

v.

BATH TOWNSHIP BOARD OF ZONING APPEALS, Appellant.

[Cite as *Adam v. Bath Twp. Bd. of Zoning Appeals* (1997), 121 Ohio App.3d 645.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18144.

Decided July 23, 1997.

646

*Robert M. Gippin, Robert A. Hager* and *Karen K. Grasso,* for appellees.

*Joseph M. Holden* and *Sallie Conley Lux,* for appellant.

REECE, Judge.

Appellant, the Board of Zoning Appeals of Bath Township, appeals the decision of the Summit County Court of Common Pleas reversing the board's determination that appellee Nextel Communications is not a public utility. We reverse.

Nextel Communications is a corporation that provides telecommunications services, such as cellular communications services, to the public. Nextel entered into an agreement with James and Barbara Adam to lease property located at 623 North Cleveland–Massillon Road in Bath Township. In September 1995, Nextel applied to the Bath Township Board of Zoning Appeals for permission to construct a two-hundred-twenty-five-foot communications tower and an equipment shed on the Adams' property. Nextel planned construction of the tower and shed to facilitate its provision of "Enhanced Special Mobile Radio" ("ESMR") communications services to area residents. ESMR is a system designed to provide residents with access to voice communications services, paging services, and data communications services. In its application to the board, Nextel sought a determination that it was a public utility and as such was not subject to the board's authority or, in the alternative, a conditional zoning permit and height variance to allow construction of the tower.

After hearing evidence regarding the matter on October 25, 1995 and November 15, 1995, the board denied Nextel's application. The board determined that Nextel did not qualify for status as a public utility and, additionally, did not adequately support its request for a height variance and conditional zoning permit. On December 11, 1995, Nextel appealed the board's decision to the Summit County Court of Common Pleas. The common pleas court reversed the board's decision, finding that "[a] thorough review of the transcript of proceedings and the whole record does not reveal the basis for the conclusion reached by the Zoning Board [that Nextel is not a public utility]." Because it concluded that the board had wrongly determined that Nextel was not a public utility, the common pleas court did not address the board's denial of the variance and conditional zoning permit. On October 18, 1996, the board timely filed the instant appeal of the common pleas court's decision.

The board presents the following assignment of error for our consideration:

"The Court of Common Pleas improperly substituted its judgment for that of the Bath Township Board of Zoning Appeals because, under the evidence presented, the decisions of the Board of Zoning Appeals, both with respect to its determination that Nextel failed to prove that it was a public utility, as well as its denial of a zoning variance, were clearly reasonable."

This court must review the board's contentions in accordance with the following standard. R.C. 2506.01 provides that a party may appeal the decision of an

administrative agency, such as a zoning appeals board, to the court of common pleas. In reviewing an administrative decision, the court of common pleas may find that "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. "The judgment of the court [of common pleas] may be appealed by any party on questions of law * * *." *Id.*

██ In determining whether the board's decision is supported by reliable, probative and substantial evidence, the trial court is required to give "due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. See, also, *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591, 595–596. The court of common pleas may not substitute its judgment for that of the administrative agency. *Gerstenberger v. Macedonia* (1994), 97 Ohio App.3d 167, 172, 646 N.E.2d 489, 492–493, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117.

██ "[In] reviewing an order of the court of common pleas which determined an appeal from an administrative agency based upon the * * * evidence, this court's scope of review is limited to determining whether the common pleas court abused its discretion." *In re Ghali* (1992), 83 Ohio App.3d 460, 465–466, 615 N.E.2d 268, 271, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. An abuse of discretion implies a decision lacking a reasonable basis. *Id.* at 466, 615 N.E.2d at 271–272, citing *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

██ The board asserts the common pleas court erred when it determined that the board's decision that Nextel failed to establish that it qualifies as a public utility under R.C. 519.211(A) was not supported by the preponderance of substantial, reliable, and probative evidence. We find the board's contention well taken.

██ R.C. 519.211 provides no definition for the term "public utility." Through case law, the Ohio Supreme Court has fashioned a definition of a "public utility" and outlined characteristics of public utility status. See *A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees* (1992), 64 Ohio St.3d 385, 596 N.E.2d 423; *Marano v. Gibbs* (1989), 45 Ohio St.3d 310, 544 N.E.2d 635. In determining whether an entity is a public utility for the purpose of exemption from local zoning restrictions, this court must consider factors related to the "public service" and "public concern" aspects of a public utility. *A & B Refuse Disposers, supra,* 64 Ohio St.3d at 389, 596 N.E.2d at 426.

The first hallmark of a public utility, public service, is established by showing "a devotion of an *essential* good or service to the general public which has a legal right to demand or receive this good or service." (Emphasis added.) *Id.* at 387, 596 N.E.2d at 425. The entity must provide its service to the public without discrimination. *Id.;* see, also, *Marano, supra,* 45 Ohio St.3d at 311, 544 N.E.2d at 636–637. Additionally, as a public utility, the entity must possess an obligation to provide the service which cannot be "arbitrarily or unreasonably withdrawn." *A & B Refuse,* 64 Ohio St.3d at 387, 596 N.E.2d at 425.

In order for an enterprise to qualify as a public utility, it must also conduct its operations in such a way as to be a matter of public concern. *Id.* at 388, 596 N.E.2d at 425–426; see, also, *Marano, supra.* A public utility traditionally occupies a monopolistic or oligopolistic position in the marketplace, "giv[ing] rise to a public concern for the indiscriminate treatment of that portion of the public which needs and pays for the *vital* good or service offered by the entity." (Emphasis added.) *A & B Refuse,* 64 Ohio St.3d at 388, 596 N.E.2d at 426. In determining whether an entity's operations rise to the level of public concern, the court may consider such factors as "the good or service provided, competition in the local marketplace, and regulation by governmental authority." (Citations omitted.) *Id.*

■ An enterprise seeking public utility status for the purpose of exemption from zoning authority bears the burden of offering sufficient evidence that it provides a public service and its operations are a matter of public concern. *Id.* at 389, 596 N.E.2d at 426–427. In the absence of sufficient evidence that an entity possesses the pertinent characteristics of a public utility, the entity is not entitled to the classification. *Id.* After careful review of the record in the present case, we find that the board correctly determined that Nextel did not present sufficient evidence indicating it qualifies as a public utility.

The evidence presented by Nextel in support of its application consisted primarily of a letter written by Charles Tinney, director of engineering and operations for Nextel, and testimony from several Nextel representatives during the hearings before the board. While Nextel argued that it offers a unique communications service, it presented no evidence that the service provided is *essential or vital* to the general public. In its brief, Nextel maintained that its ESMR services are essential to persons who utilize both a pager and a car phone or a pager and two-way radio, as well as those who require technology to accommodate both computer and voice data. However, Nextel failed to offer any evidence in support of those contentions or to show that the general public is composed of persons needing such combinations of services. Furthermore, Nextel provided no evidence that the public has a *legal right* to demand the ESMR services.

In addition to its failure to prove that it provides an essential public service, Nextel likewise failed to sufficiently establish that its operations constitute a matter of public concern. While Nextel argued that its ESMR system is quite advanced and holds a competitive advantage by offering customers unique combinations of services, it presented no credible evidence that it occupies a monopoly in the telecommunications marketplace. During the hearings before the board, Nextel made repeated references to its competitors. In fact, a Nextel representative stated the company "won't have a monopoly" in providing telecommunications services. Nextel further asserted that its operations constitute a matter of public concern because it functions under regulation by the Federal Communications Commission. Nevertheless, we do not find FCC regulation alone sufficient to establish that Nextel's operations rise to the level of public concern.

Nextel repeatedly argues that its evidence went unchallenged by those who opposed construction of the tower. While this contention may be accurate, the fact that the evidence presented was unrebutted does not establish that Nextel met its burden and proved by substantial, reliable, and probative evidence that it possesses the characteristics of a public utility. We believe, after careful examination of the record, that Nextel failed to offer reliable, substantial, and probative evidence that it qualifies as a public utility for the purpose of exemption from zoning authority. Therefore, we find that the trial court abused its discretion when it reversed the board's determination that Nextel did not adequately prove its public utility status. We decline to address the merits of the board's denial of a height variance and conditional use permit, as the common pleas court did not reach that issue.

Accordingly, the board's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and SLABY, J., concur.