DECISION AND JUDGMENT
Ray Beane appeals the decision of the Pickaway County Court of Common Pleas affirming the denial of his request for a variance by the Village of South Bloomfield Planning and Zoning Commission ("the Commission.") Beane argues that the trial court erred by failing to apply the doctrine of equitable estoppel against the Village of South Bloomfield ("South Bloomfield.") We disagree because the trial court did not abuse its discretion in applying the facts to the law. Accordingly, we affirm the judgment of the trial court.
 I.
In 1997, Beane purchased property located in South Bloomfield. A duplex, a detached garage and a pole barn were situated on the lot. The property is zoned urban density single family residential. However, the duplex was "grand-fathered" as a two-family residence under a prior zoning ordinance.
Beane and his son decided to turn the pole barn into an apartment. Beane's son intended to live in the apartment and operate a T-shirt printing business out of the apartment.
Before he began construction, he visited the Village Clerk-Administrator, Fern Bozman, to obtain the necessary permits to remodel the pole barn. According to Beane, he explained his plans and Bozman told him that he did not need a zoning permit, because he was not making any changes to the exterior of the building, but would need a building permit. Bozman denies making the statement. According to Bozman, their discussion concerned only Beane's desire to operate a business out of the pole barn.
Beane then obtained a building permit from the Pickaway County Building Department ("Building Department.") After Beane had spent approximately seventeen thousand dollars and almost completed the remodeling, Zoning Inspector Warren Diehl happened upon the construction while off-duty. He knew that no zoning permit had been issued for the construction, so he stopped to investigate. He suggested that Beane appear before the Commission and seek a variance.
Beane applied for a zoning variance in order for his son to live in the pole barn and operate the home-based T-shirt business. The Commission held a hearing on the variance. After the this hearing, the Commission denied Beane's request. Beane appealed to the Pickaway County Court of Common Pleas arguing that the actions of Bozman equitably estopped South Bloomfield from applying the zoning restrictions to him. The court accepted the transcript of the Board's hearing as evidence and permitted the parties to present further evidence at another hearing.
At the common pleas court hearing, Beane, his son, several members of the Commission, many South Bloomfield residents, and three employees of the Building Department testified.
Dorcas Smalley, an employee of the Building Department, testified that at the time Beane applied for a building permit she was authorized to issue building permits, but had no duty to investigate the factual representations made by persons seeking permits. She explained that Beane came to the Building Department seeking a remodel permit and represented that he was going to remodel the bathroom and kitchen of an existing apartment. On cross-examination, Smalley admitted that at the time she issued Beane's permit, she was not aware of South Bloomfield's new zoning ordinance requiring the landowner to obtain a zoning permit for any structural change. She agreed that if she had been aware of the new zoning ordinance, she would have asked Beane for his zoning permit and "none of this would have happened." On redirect examination Smalley agreed that she had no duty "to investigate an applicant's zoning before [issuing] a permit."
The trial court affirmed the decision of the Commission. The trial court assumed for the purpose of argument that Bozman supplied faulty information to Beane and that equitable estoppel applied. The trial court found that Beane failed to prove sufficient facts to demonstrate that Bozman, as Village Clerk-Administrator, had any authority to tell Beane that he did not need a zoning permit.
Beane appeals and asserts the following assignment of error:
 The court below erred by not finding that the doctrine of equitable estoppel prevented the Village of South Bloomfield from strictly enforcing its zoning code against appellant.
 II.
Administrative appeals from zoning appeals boards are governed by R.C. Chapter 2506. Casto v. Commercial Point (Dec. 12, 1999), Pickaway App. No. 99CA02. R.C. 2506.04 delineates the roles of common pleas and appellate courts in reviewing administrative decisions. R.C. 2506.04 provides as follows:
 The [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause * * *. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
Thus, our role in R.C. 2605.04 appeals is limited to reviewing questions of law, which we must review de novo, and to determining whether the trial court abused its discretion in applying the law. Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30,34, fn. 4; Jenkins v. City of Gallipolis (1998),128 Ohio App.3d 376; Lawson v. Foster (1992), 76 Ohio App.3d 784. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1990),57 Ohio St.3d 135, 137.
In Kisil, the Court commented that R.C. 2506 "grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id.; See, also, Prokos v. AthensCity Bd. of Zoning Appeals, (July 13, 1995), Athens App. No. 94CA1638, unreported.
 III.
In his only assignment of error, Beane argues that the trial court erred in finding that South Bloomfield was not equitably estopped from enforcing the zoning laws against Beane.
On appeal, Beane abandons his theory that South Bloomfield is equitably estopped because of the actions of Fern Bozman. Rather, he argues that South Bloomfield is equitably estopped because it had (1) knowledge of his plans imputed to it through the actual knowledge of Smalley, its agent, and (2) reason to believe that he would make the improvements according to his plans, but did nothing to stop him. He claims that this silence coupled with their duty to speak constitutes a misrepresentation that justifies the application of equitable estoppel.
Equitable estoppel prevents relief when one party has induced another to believe that certain facts exists inducing the other party to change his or her position in reasonable reliance on those facts. Chubb v. Ohio Bur. of Workers' Comp.
(1998), 81 Ohio St.3d 275, 279; Franklin Twp. v. Meadows (1998),130 Ohio App.3d 704, 711. The specific elements of estoppel are questions of fact. Franklin Twp. at 711, citing Teamster'sLocal 348 Health Welfare Fund v. Kohn Beverage Co. (C.A.6, 1984), 749 F.2d 315, 319. However, whether the facts proven are legally sufficient to constitute estoppel is a question of law, which we review de novo. Id.
"Generally, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function." Athens Cty. Property Owners Assn. v. Athens
(Aug. 26, 1992), Athens App. No. 1482, unreported, citing BeslCorp. v. Pub. Util. Comm. (1976), 45 Ohio St.2d 146, 150. See, also, Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143,146. Enforcement of zoning laws is in the nature of a governmental function. R.C. 713.07; Athens Cty. Property OwnersAssn., supra.
However, courts have made exceptions to the general rule and applied estoppel against the government. See, e.g., PilotOil Corp. v. Ohio Dept. of Transp. (1995), 102 Ohio App.3d 278
(promissory estoppel applied against state where an agency, with the authority to do so, approved a highway sign, and the elements of promissory estoppel were otherwise met); Cleveland v.Cleveland Elec. Illum. Co. (N.D.Ohio 1976), 440 F. Supp. 193
(estoppel may apply where municipality induced reliance through a representation that was within its power to make)
The trial court did not act unreasonably, arbitrarily or unconscionably in determining that Beane failed to show sufficient facts to demonstrate the applicability of equitable estoppel. Beane may assert equitable estoppel against the Commission only if he shows that Bozman or Smalley made a statement, or failed to make a statement when there was a duty to speak, that was within her authority to make and that the statement, or lack of statement, actually induced reliance.Franklin Twp. at 711, citing Pilot Oil at 283. He has not shown that Bozman or Smalley had the authority to tell him that he did not need a zoning permit or that Smalley had a duty to so inform him. Therefore, we find that the trial court did not abuse its discretion in applying the facts to the law and overrule Beane's only assignment of error.
 IV.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
ABELE, J. and EVANS, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ ROGER L. KLINE, Presiding Judge