OPINION
Plaintiff-appellant, Ruth Studer[1] ("appellant"), appeals from the denial of her administrative appeal by the Portage County Court of Common Pleas. Appellant sought reversal of the decision of the Aurora City Board of Zoning Appeals ("Board") denying her appeal of a notice violation issued by Aurora's Zoning Inspector.
On February 26, 1999, the zoning inspector issued a violation notice to appellant because of the purchase, storage, and sale of mulch on her property and for her son operating a commercial trucking business on her farm. The farm was located in a district zoned residential. Appellant appealed the notice violation to the Aurora Board of Zoning Appeals. The Board reviewed the appeal during its April 13, 1999 meeting. Testimony admitted at the hearing established appellant received a certificate of non-conforming use for riding stables and boarding horses in 1962. That certificate was renewed in 1969. Appellant's son, Howard Studer, stated his family always had trucks on the farm. Trucks are used for hauling horses, hay, and the removal of manure. The family purchased the then one hundred ten-acre farm in 1954. The farm currently consists of twenty-five acres. Howard Studer admitted selling mulch to customers. He maintains three tractors and two trailers on the property. Studer uses the trucks primarily to haul for other businesses and employs one other driver. He estimated one to five percent of the trucks' usage was related to farm activities. Appellant stated her son purchased his first semi-truck in 1974, but that other trucks had been used on the farm since its purchase. Appellant said that the trucks primarily were used to haul hay and horses for people. After some discussion regarding the possibility of permitting the trucks to remain if the mulch was removed, the Board tabled appellant's appeal.
On May 11, 1999, the Board revisited the issue at its meeting. After hearing additional testimony, the Board denied appellant's appeal. The Board found that the purchase and resale of mulch and the operation of a commercial trucking business are not permitted uses in a residential district or within the nature or extent of the pre-existing non-conforming use as a riding stable and horse farm.
On October 12, 1999, appellant filed an administrative appeal with the court of common pleas following the Board's resolution denying her appeal. After considering the briefs and evidence filed by the parties, the court of common pleas issued its order and judgment entry on January 8, 2001. The court upheld the Board's decision. The court found the sale of mulch and the operation of a commercial trucking business not to be incident to the non-conforming use of operating a riding stable and boarding horses. The court determined appellant did not sustain her burden of proof showing that the Board employed an improper standard in considering her appeal or that the Board's decision was not supported by the record. Appellant has appealed the judgment to this court.
In her first assignment of error, appellant contends the court of common pleas' denial of her appeal was based upon the erroneous assumption that her son did not enter the family trucking business until 1974. Appellant points to evidence adduced at the hearing showing that a truck hauling business continuously existed on the farm since 1954. Appellant asserts this evidence was not refuted at the Board meetings.
In an administrative appeal taken pursuant to R.C. 2506.04, a court of common pleas considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence. Henley v. Youngstown Bd.of Zoning Appeals (2000), 90 Ohio St.3d 142, 147. An appellate court, reviewing the judgment of the court of common pleas, only considers questions of law and does not weigh the evidence. Id. An appellate court will not substitute its judgment for that of the administrative agency or the common pleas court, unless the court finds that there is not a preponderance of reliable evidence to support the Board's decision. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. Within the ambit of "questions of law" includes whether the common pleas court abused its discretion. Henley, supra, at 148. Abuse of discretion connotes more than an error of law or of judgment; rather, it implies the court's attitude was unreasonable, arbitrary, or unconscionable. Rimesv. Ohio Dept. of Human Services (Jan. 26, 2001), Lake App. No. 99-L-068, unreported, 2001 Ohio App. LEXIS 254.
A non-conforming use is not favored by the law. However, an owner usually will be permitted to continue a non-conforming use to prevent the owner from being deprived of a substantial investment, which existed prior to the enactment of a zoning regulation. See Beck v. SpringfieldTwp. Bd. of Zoning Appeals (1993), 88 Ohio App.3d 443, 446. A prior non-conforming use must meet two requirements. First, the use must have been in existence prior to the enactment of the prohibitory land use. Second, the land use in question must have been lawful at the time it commenced. Dublin v. Finkes (1992), 83 Ohio App.3d 687, 690. The use of the property must be lawful at the time the use was established in order to qualify as a non-conforming use. Pschesang v. Terrace Park (1983),5 Ohio St.3d 47, syllabus.
Appellant's contention that the trucking business always existed on the farm was rebutted by her own testimony. Appellant stated her son first purchased a semi-truck in 1974. The evidence of prior use involved hauling hay or transporting horses for other people. Appellant's son stated that only a miniscule portion of the trucks use was employed on farm-related business. There was evidence the use of semi-trucks changed the nature of the previous truck hauling. A commercial trucking business was not permitted under the zoning regulations in place in 1974.
This court cannot weigh the evidence, nor can an appellate court find a court of common pleas abused its discretion in determining the weight of the evidence in an administrative appeal as long as some evidence supports that decision. The trial court did not abuse its discretion by upholding the Board's decision.
Appellant next asserts Aurora and the Board were estopped from claiming the trucking business violated the zoning code because, five or six years earlier, the zoning inspector, after inspecting the property, did not issue a citation letter. Appellant claims she relied upon the inspector's comment that he did not have a problem with the situation and the lack of citation to her detriment.
Equitable estoppel prevents relief when one party induces another to believe that certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment. Chubb v. OhioBur. of Workers' Comp. (1998), 81 Ohio St.3d 275, 279. The party raising the defense bears the burden of demonstrating its applicability.MatchMaker Internatl., Inc. v. Long (1995), 100 Ohio App.3d 406, 408.Generally, the doctrine of estoppel will not prevent a local government from enforcing a zoning regulation. Hodgins v. North Perry
(June 25, 1999), Lake App. No. 98-L-072, unreported, 1999 Ohio App. LEXIS 2943. Equitable estoppel may be asserted against a municipality only if the municipality's agent or officer acted within his or her authority and the act actually induced reliance. Franklin Twp. v. Meadows (1998),130 Ohio App.3d 704, 711. The municipality will be bound if the official or agent who acted was authorized to do so and the act was not illegal at the time. See Sergakis v. Busch (Dec. 30, 1999), Franklin App. No. 99AP-283, unreported, 1999 Ohio App. LEXIS 6467. For reliance to be reasonable, the party claiming estoppel either did not know, or could not have known, that the municipality's conduct was misleading. Oxford v.Day (Mar. 16, 1998), Butler App. No. CA96-09-183, unreported, 1998 Ohio App. LEXIS 1003.
Although appellant claims she relied to her detriment upon the zoning inspector's earlier assurances that the trucking operation was a non-conforming use, she never expresses exactly what constitutes that detriment. There is no evidence of an expansion of the business as a result of the inspector's comments and failure to cite. Appellant does not explain how she would have acted differently had the inspector issued a citation at that time. Without any evidence of detrimental reliance, appellant has not demonstrated equitable estoppel. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant asserts the Board reneged on an agreement reached at the first Board meeting. That agreement provided that appellant would cease the storage and resale of mulch if the trucking business were permitted to continue operating. Appellant argues she never was told the agreement was no longer viable prior to the second meeting. Because she was under the impression the agreement was to proceed, appellant contends she was unprepared for the adversarial nature of the second hearing. A review of the record shows there was discussion at the first meeting regarding granting appellant's appeal concerning the mulch and tabling the appeal with regard to the trucks, pending further discussion about the business possibly continuing. However, that meeting adjourned with appellant's entire appeal being tabled. No formal agreement was entered into by the parties, binding the Board to any terms. Appellant has not demonstrated any prejudice by the Board's actions. Appellant's other arguments primarily relate to final argument given by the city's attorney. Appellant had the opportunity to present her argument below and had the opportunity to refute the city's position. Appellant received a fair hearing. Appellant's second assignment of error is overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., FORD, J., concur.
[1] Appellant's name was misspelled on the complaint as "Studar" but was corrected in subsequent filings in the trial court. This court will use the correct spelling of "Studer" in the opinion.