[Cite as *Brunswick Hills Twp. v. G & K Constr., Inc.*, 2016-Ohio-57.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BRUNSWICK HILLS TOWNSHIP
BOARD OF TRUSTEES

    Appellee

    v.

G & K CONSTRUCTION, INC., et al.

    Appellant

C.A. No.     14CA0017-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09CIV2426

DECISION AND JOURNAL ENTRY

Dated: January 11, 2016

---

CARR, Judge.

{¶1}     Appellant, G & K Construction, Inc., appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}     This matter involves the property located at 4756 Boston Road, Brunswick Hills Township, Medina County, Ohio.  David Kaminski, the owner of G & K Construction, Inc., uses the property to operate a business which does excavating, site preparation, and site development.  On December 10, 2009, the Board of Trustees for the Township filed a complaint seeking a preliminary and permanent injunction to prevent G & K from using the property in a manner that violated zoning regulations.  The Township asserted that the property was located in a residentially zoned district and was being used illegally by G & K for a commercial purpose.  Specifically, the Township argued that while there was a valid nonconforming use of the property in the past, the nonconforming use ceased to exist two years after the Buckeye Pipeline

pump station closed in 1965. G & K filed an answer generally denying the allegations in the complaint. G & K did not set forth affirmative defenses in their answer. The case was referred to mediation and the parties submitted an agreed entry for a preliminary injunction.

{¶3} The matter proceeded to a three-day trial before a magistrate. The primary focus at trial was whether the prior nonconforming use was voluntarily discontinued for a period of two years, thereby requiring G & K to fully comply with the Township's residential zoning regulations. On December 3, 2013, the magistrate issued a decision ruling that G & K could continue to use the property for industrial purposes, but enjoining G & K from (1) violating the Township's outdoor lighting provisions; (2) maintaining a junk yard on the property; (3) storing boats, trailers, and other recreational vehicles outside of designated areas; and (4) storing heavy motor vehicles on the property. Brunswick Hills filed objections to the magistrate's decision. G & K did not file objections or respond to the Township's objections. On February 4, 2014, the trial court issued a decision concluding that the nonconforming use of the property was voluntarily discontinued for a period of more than two years. The trial court issued an order enjoining G & K from conducting any operations that were not permitted under the Township's residential zoning regulations.

{¶4} On appeal, G & K raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING INJUNCTIVE RELIEF TO THE PLAINTIFF BRUNSWICK HILLS TOWNSHIP BOARD OF TRUSTEES WHERE PLAINTIFF, BASED ON ITS MISLEADING PUBLIC RECORDS, REPRESENTATIONS OF ITS ZONING INSPECTOR, AND ISSUANCE OF PERMITS WAS ESTOPPED FROM CLAIMING THAT DEFENDANT G&K CONSTRUCTION, INC., WAS IN VIOLATION OF THE TOWNSHIP ZONING RESOLUTION BY OPERATING A COMMERCIAL BUSINESS ON ITS PROPERTY AND LEASING OUT PORTIONS OF ITS PROPERTY TO

OTHER BUSINESS ENTITIES AND THAT SUCH BUSINESS OPERATION WAS NOT A VALID NONCONFORMING USE.

{¶5} In its sole assignment of error, G & K argues that the Township was estopped from claiming that G & K was in violation of zoning regulations. While the trial court did not decide this case on the basis of equitable estoppel, G & K argues that this Court should decide this matter on this ground based on the body of evidence in the record. This Court disagrees.

{¶6} Pursuant to Civ.R. 8(C), affirmative defenses must be set forth affirmatively in the pleadings, or by amendment to the pleadings, or else they are forfeited. *Sargeant v. Sampson*, 9th Dist. Summit No. 18947, 1999 WL 195019, *4 (Mar. 31, 1999). Civ.R. 8(C) identifies numerous affirmative defenses that must be asserted in the pleadings, including estoppel. Equitable estoppel is an affirmative defense that "prevents relief when one party induces another to believe that certain facts exist and the other party changes his position in reasonable reliance on those facts." *Franklin Twp. v. Meadows*, 130 Ohio App.3d 704, 711 (9th Dist.1998), citing *Chubb v. Ohio Bur. of Workers' Comp*, 81 Ohio St.3d 275, 279 (1998). When a party fails to assert a claim for estoppel in the pleadings, the party may not raise the affirmative defense of estoppel via a separate procedural mechanism at a subsequent point in the proceedings. *Neitz v. Village of Lakemore*, 9th Dist. Summit No. 19730, 2000 WL 1706384, *2 (Nov. 15, 2000).

{¶7} At the outset of our discussion, we note that the Supreme Court of Ohio issued a decision in 2006 holding that, "[t]he doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is engaged in a governmental function." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, syllabus. Moreover, a review of the record reveals that G & K did not even assert an equitable estoppel defense in this case. G & K did not assert equitable estoppel as an affirmative defense

in its answer to the complaint and the matter proceeded to trial on the underlying zoning violation issue. As G & K did not affirmatively assert a claim of equitable estoppel in the pleadings, it has forfeited that issue on appeal.

{¶8} The assignment of error is overruled.

## III.

{¶9} G & K's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and DAVID J. FOLK, Assistant Prosecuting Attorney, for Appellee.